**Mail body:**

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

2026 JAN 26  P 3: 28

RASHAD HUBBARD, Plaintiff,
v.
SCOTT & ASSOCIATES, P.C., and ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, Defendants.

Civil Action No.: 2:26-cv-00061-RAH-SMD

COMPLAINT
(FEDERAL ARBITRATION ACT, FDCPA, DECLARATORY RELIEF & BREACH OF CONTRACT)

Plaintiff Rashad Hubbard ("Plaintiff"), proceeding pro se, brings this action against Defendants Scott & Associates, P.C. and Absolute Resolutions Investments, LLC ("Defendants"), and alleges as follows:

I. JURISDICTION AND VENUE
1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 2201.
2. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and Defendants' acts and omissions giving rise to these claims occurred within this District.

II. PARTIES
1. Plaintiff Rashad Hubbard is a natural person residing in the Middle District of Alabama.
2. Defendant Absolute Resolutions Investments, LLC ("ARI") is a debt buyer and a "debt collector" as defined by 15 U.S.C. § 1692a(6).
3. Defendant Scott & Associates, P.C. is a law firm that regularly engages in consumer debt collection litigation and is a "debt collector" under 15 U.S.C. § 1692a(6).
4. At all relevant times, Defendants acted individually, jointly, and in concert with one another.

III. FACTUAL ALLEGATIONS
1. This action arises from an alleged consumer credit card account originally issued by Navy Federal Credit Union ("Navy Federal").
2. The Navy Federal credit card agreement governing the account contains a mandatory arbitration provision requiring that disputes be resolved through binding arbitration rather than court litigation.
3. The arbitration provision applies broadly to:
• Claims arising out of or relating to the account;
• Contract, statutory, and tort claims;
• Collection activities; and
• Claims involving assignees, debt buyers, agents, and collection attorneys.
4. Defendant ARI alleges ownership of the account through assignment and seeks to enforce rights derived from the Navy Federal agreement.
5. Defendant Scott & Associates acted as ARI's authorized collection counsel and pursued collection activity on the same alleged account.
6. Plaintiff never waived arbitration, did not opt out of the arbitration provision, and did not consent to the resolution of disputes through court litigation.
7. Despite the existence of a binding arbitration agreement, Defendants initiated and prosecuted a state-court collection lawsuit against Plaintiff instead of proceeding in arbitration.
8. By filing and maintaining litigation, Defendants refused to arbitrate a dispute subject to a valid arbitration agreement and forced Plaintiff to defend a lawsuit that should not have been brought in court.

9. Defendants knew or should have known that the alleged account was subject to mandatory arbitration and nonetheless used litigation as leverage to coerce payment, in disregard of Plaintiff's contractual and federally protected right to arbitrate.

## IV. COUNT I
## VIOLATION OF THE FEDERAL ARBITRATION ACT
(9 U.S.C. §§ 2–4)

1. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.
2. A written arbitration agreement governed disputes arising from the Navy Federal account and remains valid and enforceable under the FAA.
3. Defendants are bound by the arbitration agreement under principles of assignment, agency, and equitable estoppel, as they seek to enforce rights arising from the underlying contract.
4. Defendants cannot simultaneously seek to enforce rights derived from the Navy Federal account while repudiating the arbitration provision contained within the same agreement.
5. Defendants' initiation and continued prosecution of litigation constitutes a refusal to arbitrate in violation of the FAA.
6. Plaintiff is entitled to declaratory and injunctive relief compelling arbitration and prohibiting Defendants from pursuing further litigation on the arbitrable dispute.

## V. COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. §§ 1692e & 1692f)

1. Plaintiff incorporates by reference paragraphs 1 through 21.
2. Defendants are debt collectors attempting to collect an alleged consumer debt.
3. By filing and prosecuting a lawsuit despite the existence of a binding arbitration agreement, Defendants employed unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.
4. Filing and prosecuting a lawsuit in the absence of a present legal right to do so—where the dispute is subject to mandatory arbitration—constitutes false, deceptive, misleading, unfair, and unconscionable conduct in violation of 15 U.S.C. §§ 1692e and 1692f.
5. Defendants falsely implied they possessed the legal right to sue Plaintiff in court when they did not.
6. Defendants' conduct was knowing, intentional, and designed to apply improper litigation pressure to obtain payment.
7. Plaintiff suffered actual damages, including emotional distress, anxiety, wasted time, and the burden of defending improper litigation.

## VI. COUNT III
## DECLARATORY RELIEF
(28 U.S.C. § 2201)

1. Plaintiff incorporates by reference paragraphs 1 through 28.
2. An actual, justiciable controversy exists concerning the enforceability of the arbitration agreement governing the alleged account.
3. Defendants contend—expressly or implicitly—that they may pursue court litigation notwithstanding the arbitration agreement.
4. Plaintiff seeks a declaration that: a. The arbitration agreement governing the Navy Federal account is valid and enforceable; b. Defendants are bound by the arbitration agreement as assignees, agents, or debt buyers; and c. Defendants lack the legal right to pursue litigation on the arbitrable dispute.
5. Declaratory relief will clarify the parties' rights and prevent continued unlawful collection activity.

## VII. COUNT IV
## BREACH OF CONTRACT
(Against All Defendants)

1. Plaintiff incorporates by reference paragraphs 1 through 33.
2. The Navy Federal credit card agreement governing the alleged account constitutes a valid and enforceable

contract containing a mandatory arbitration provision.

3. The arbitration provision is a material term of the contract requiring disputes arising out of or relating to the account to be resolved through binding arbitration.

4. Defendant ARI, by claiming ownership of the account through assignment, assumed both the benefits and obligations of the contract, including the obligation to arbitrate disputes.

5. Defendant Scott & Associates, acting as collection counsel and agent for ARI, is bound by the arbitration provision under principles of agency and equitable estoppel.

6. Plaintiff fully performed all obligations required of him with respect to the arbitration provision, including not waiving or opting out of arbitration.

7. Defendants breached the contract by initiating and prosecuting litigation against Plaintiff in court rather than submitting the dispute to arbitration as required.

8. As a direct and proximate result of Defendants' breach, Plaintiff suffered damages including emotional distress, anxiety, lost time, litigation burden, and related costs.

9. Plaintiff is entitled to damages and all other relief available under applicable law for Defendants' breach of contract.

## VIII. DAMAGES

1. Plaintiff seeks:
- Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- Contract damages;
- Costs and allowable fees; and
- Declaratory and injunctive relief under the FAA.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:
A. Declare that the arbitration agreement governing the account is valid and enforceable; B. Compel arbitration and enjoin Defendants from further litigation on the arbitrable dispute; C. Award statutory and actual damages under the FDCPA; D. Award damages for breach of contract; E. Award costs and such other relief as the Court deems just and proper.

## X. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Rashad Hubbard,
Pro Se Plaintiff
[207 Azalea park lane]
[Montgomery, AL, 36106]
[334-400-9614]
[shawnsmith2323@gmail.com]

*Rashad Hubbard*
1-26-2026

**Mail body:**

---

EXHIBIT A
Representative Navy Federal Credit Union Credit Card Agreement
(Arbitration Provision)
Description: This exhibit reflects the arbitration provision contained within the Navy Federal Credit Union credit card agreement governing the alleged account at issue. The arbitration provision applies to claims arising out of or relating to the account, including collection activities, and expressly extends to assignees, debt buyers, agents, and collection attorneys.
Purpose: Submitted to demonstrate the existence, scope, and applicability of the mandatory arbitration agreement forming the basis of Plaintiff's claims under the Federal Arbitration Act, breach of contract, and declaratory relief.

EXHIBIT B
State-Court Collection Complaint Filed by Defendants
Description: This exhibit reflects the state-court collection action initiated and prosecuted by Defendants against Plaintiff concerning the alleged Navy Federal account.
Purpose: Submitted to demonstrate Defendants' initiation of court litigation on a dispute subject to mandatory arbitration, forming the factual basis for Plaintiff's FAA, FDCPA, and breach of contract claims.

EXHIBIT C
Documents Reflecting Defendants' Claimed Assignment or Ownership of the Account (If Any)
Description: This exhibit consists of any documents Defendants rely upon or have produced purporting to show assignment, transfer, or ownership of the alleged Navy Federal account, or reflects the absence of such documentation.
Purpose: Submitted to demonstrate Defendants' assertion of rights derived from the Navy Federal agreement and to support application of assignment, agency, and equitable estoppel principles.