IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RASHAD HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-00061-RAH-SMD |
| | ) | |
| SCOTT & ASSOCIATES, P.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant Absolute Resolutions Investments, LLC's ("ARI") *Motion to Dismiss for Failure to State a Claim* (doc. 6), filed on February 20, 2026. Plaintiff Rashad Hubbard filed a *Response in Opposition to Defendant's Motion to Dismiss* (doc. 9) on March 5, 2026. Having been fully briefed, the motion is now ripe for adjudication and, upon careful consideration, is due to be granted.

## BACKGROUND

In his Complaint, Hubbard alleges that ARI is a debt collector, as defined under the Fair Debt Collection Practices Act, *see* 15 U.S.C. § 1692a(6), that acquired his outstanding credit card debt originally issued by Navy Federal Credit Union. The governing credit card agreement, according to Hubbard, contained a mandatory arbitration provision governing any claims arising out of or relating to the debt. In an effort to collect the outstanding debt, rather than submitting the matter to arbitration, ARI filed a state court collection lawsuit.[1]

---

[1] ARI filed two lawsuits in the District Court of Montgomery County, Alabama against Hubbard concerning debts from Navy Federal: (1) Case No. DV-2026-90035 (involving a Navy Federal

Hubbard claims that the filing of the state court lawsuit constituted a violation of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and was a breach of contract. Hubbard also brings a count for declaratory relief under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. Hubbard seeks damages, a declaration that the arbitration agreement in the credit agreement is valid and enforceable, and an order from this Court that compels arbitration and enjoins ARI from any further litigation.

ARI's motion to dismiss primarily invokes Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction on certain claims and that the Complaint fails to state a claim on others.

The foundational issue is whether Hubbard can maintain an independent federal lawsuit based on the allegation that ARI filed a collection lawsuit in state court that Hubbard now claims was in breach of the credit agreement that required the parties to submit their disputes to binding arbitration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a district court to dismiss a case for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, the plaintiff bears the burden of persuasion. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)). Attacks under Federal Rule 12(b)(1) come in two forms—facial or factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "Facial attacks on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and

---

Credit Union Visa Signature Cash Rewards card), and (2) Case No. DV-2026-90036 (involving a credit account with Navy Federal Credit Union). Hubbard filed motions to compel arbitration in both proceedings. The motions in both cases were denied.

the allegations in his complaint are taken as true for the purposes of the motion.'" *Watson v. Kingdom of Saudia Arabia*, 159 F.4th 1234, 1252 (11th Cir. 2025) (alterations in original) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).[2] "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (citations omitted). At issue here is a facial attack, in which ARI asks the Court to look no further than Hubbard's Complaint to see that subject matter jurisdiction is lacking.

Federal Rule of Civil Procedure 12(b)(6), similar to a facial attack under 12(b)(1), affords the plaintiff the benefit of having all "well-pleaded 'allegations in the . . . complaint [considered] . . . true.'" *Id*. (quoting *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)); Fed. R. Civ. P. 12(b)(6). However, the Court is under no obligation to accept the veracity of "legal conclusions[,]" or "threadbare recitals of the elements of a cause of action supported by [nothing more than] conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under 12(b)(6), "the complaint must allege enough facts to state a plausible claim for relief." *Watson*, 159 F.4th at 1252 (citing *Ashcroft*, 556 U.S. at 678 (2009)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In essence, the plausibility standard does not require a claim to be probable, but it does require that the claim surpass a level of sheer possibility. *Id*.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopting as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

## DISCUSSION

### A. The FDCPA Claim

In Count II, Hubbard claims that "[b]y filing and prosecuting a lawsuit despite the existence of a binding arbitration agreement, Defendants employed unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f" and that "filing and prosecuting a lawsuit in the absence of a present legal right to do so-where the dispute is subject to mandatory arbitration-constitutes false, deceptive, misleading, unfair, and unconscionable conduct in violation of 15 U.S.C. §§ 1692e and 1692f."

"To state a claim under the FDCPA, a complaint must allege that: (1) the plaintiff has been the object of collection activity from a consumer debt; (2) the defendant is a debt collector as defined by the statute; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Helman v. Bank of America*, 685 F. App'x 723, 725–26 (11th Cir. 2017).

ARI argues that Hubbard cannot satisfy the third prong because Hubbard has not plausibly alleged that ARI has engaged in an act or omission prohibited by the FDCPA.

The FDCPA prohibits "any false, deceptive, or misleading representation or means" to collect debts. 15 U.S.C. § 1692e. The FDCPA goes on to list a number of actions that constitute violations of the statute, one of which is "the threat to take any action that cannot legally be taken . . . ." *Id*. at § 1692e(5). Section 1692 also prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt" and similarly lists conduct that constitutes a violation. *Id*. at § 1692f.

Though the list of statutorily violative conduct under the FDCPA is nonexhaustive, unlisted conduct is measured by the "least sophisticated consumer" standard. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200–01 (11th Cir. 2010). This test measures whether, extrinsic to an individual debtor's circumstances,

4

an unsophisticated consumer would view the debt collector's actions as deceptive, misleading, unfair, or unconscionable. *See id.* (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985)). The question of whether conduct amounts to a violation under the FDCPA, using the least sophisticated consumer test, is one typically left to a jury, *Leblanc*, 601 F.3d 1195, but "Congress has indicated its desire for the courts to structure the confines of § 1692d[,]" *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330 (6th Cir. 2006). Whether a complaint contains sufficient factual allegations to state a claim under § 1692 is a legal question for the Court, *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1307 (11th Cir. 2015).

"Courts have therefore dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor." *Harvey*, 453 F.3d at 330 (citing *Jeter*, 760 F.2d at 1179 (affirming summary judgment for a debt collector because the notice in question did not create a "tone of intimidation" that the FDCPA proscribes as a matter of law)). For example, in *Harvey*, the Sixth Circuit found that the filing of a lawsuit without the immediate means of proving the debt owed did not constitute a deceptive practice under § 1692e. *Id.* at 331 ("the filing of a lawsuit is not the kind of conduct that was intended to be covered by section 1692d"). And in *Middlebrooks v. Sacor Fin., Inc.*, the Eleventh Circuit stated that "[a] debt collector's pursuit of judicial remedies to collect on a debt does not by itself indicate a violation of § 1692e." 775 F. App'x 594, 597 (11th Cir. 2019); s*ee also Ekokotu v. Discover Bank*, No. 1:17-CV-01969-RWS-JCF, 2018 WL 1804348 (N.D. Ga. Jan. 31, 2018) (finding that "because the [FDCPA] does not prohibit creditors' activities in attempting to collect their own debts, Plaintiff's allegations of Discover's attempts to collect the debt . . . includ[ing] Discover's initiation of a collection lawsuit, were not covered by the [FDCPA,]" where Plaintiff alleged that a debt collector ignored an arbitration clause and resorted to litigation in the state court, without the legal capacity to do so).

5

Hubbard's FDCPA claim is premised on the allegation that ARI engaged in an act or omission prohibited by the FDCPA when ARI filed a collection lawsuit against Hubbard in state court rather than instigating an arbitration proceeding with the American Arbitration Association. Hubbard further alleges that this action rose to the level of false, deceptive, misleading, unfair, and unconscionable conduct in contravention to the FDCPA.

But what appears to emerge from the progeny of cases touching upon the filing of a lawsuit as the alleged underlying violation for a FDCPA claim is that there must be something more than the mere filing of the suit itself. As ARI correctly notes in its motion, Hubbard "does not . . . dispute the debt[,]" nor does he allege that ARI made a materially false statement in the state court litigation, "misstated the amount of the debt, misidentified the creditor, fabricated documentation, or misrepresented the procedural posture of the case." (Doc. 6 at 8.) To the contrary, Hubbard's bare contention is that ARI violated the FDCPA simply by filing a lawsuit rather than invoking the arbitration agreement. This action does not support a plausible claim under the FDCPA, as it is not expressly prohibited by the FDCPA and is not false, deceptive, misleading, unfair or unconscionable. Because Hubbard fails to state an FDCPA claim, this claim is due to be dismissed.

## B. Federal Jurisdiction Under the FAA and DJA

Since the FDCPA claim is due to be dismissed, the next question is whether any other claim in the Complaint supports continued federal subject matter jurisdiction in this case. None do.

Count I alleges a violation of the FAA, and Count III brings a claim under the DJA. In Count I, Hubbard claims that "Defendants' initiation and continued prosecution of litigation constitutes a refusal to arbitrate in violation of the FAA[,]" and therefore Hubbard seeks declaratory and injunctive relief compelling arbitration and prohibiting ARI from pursuing future litigation. Count III makes a similar

6

allegation, but seeks a declaration under the DJA "that: a. The arbitration agreement governing the Navy Federal account is valid and enforceable; b. Defendants are bound by the arbitration agreement as assignees, agents, or debt buyers; and c. Defendants lack the legal right to pursue litigation on the arbitrable dispute."

ARI seeks dismissal of both claims, arguing that the FAA itself does not confer subject matter jurisdiction and the DJA does not provide an independent basis for jurisdiction; that is, it is not a stand-alone cause of action. ARI is correct on both fronts.

Courts interpreting the FAA have made clear that the FAA does not confer subject matter jurisdiction of a federal court. *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 291 (1995). As the Supreme Court stated in *Allied-Bruce Terminix*, "the FAA treats arbitration simply as one means of resolving disputes that lie within the jurisdiction of the federal courts; it makes clear that the breach of a covered arbitration agreement does not itself provide any independent basis for such jurisdiction." *Id*. "Instead, federal courts must have an independent jurisdictional basis to entertain cases arising under the FAA." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

Like the FAA, the DJA does not provide an independent basis for jurisdiction either; that is, it is not a stand-alone cause of action. *See Alonso-Escobar v. USCIS Field Office Director Miami, Florida*, 462 F. App'x 933, 935 (11th Cir. 2012) ("the DJA [does not] serve[] as an independent source of district court jurisdiction); *Gupta v. U.S. Atty. Gen.*, 439 F. App'x 858 (11th Cir. 2011) (holding that the DJA did not provide independent basis of jurisdiction). As the Eleventh Circuit has stated, "a suit brought under the [DJA] must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Sellers v. Nationwide Mutual Fire Insurance Company*, 968 F.3d 1267, 1273 (11th Cir. 2020) (citing *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989)).

Here, Counts I and III do not present federal questions, and there is no other federal question on which either claim can be based. Nor does Hubbard claim that diversity jurisdiction exists here. As such, both Counts I and III are due to be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Hubbard's FDCPA claim fails to state a claim and therefore is due to be dismissed. Since Hubbard's FAA and DJA claims do not independently invoke this Court's jurisdiction, and the state law breach of contract claim certainly does not either, jurisdiction is lacking. This case therefore will be dismissed.[3]

Accordingly, and for good cause, it is **ORDERED** as follows:

1. Defendant Absolute Resolutions Investments, LLC's *Motion to Dismiss for Failure to State a Claim* (doc. 6) is **GRANTED**;

2. Since Plaintiff Rashad Hubbard fails to distinguish the conduct between Defendant Absolute Resolutions Investments, LLC and Defendant Scott & Associates in any way, the claims against Defendant Scott & Associates are due to be dismissed for the same reasons as those against Absolute Resolutions Investments, LLC;

3. This case is **DISMISSED** without prejudice;

4. The Clerk of Court is **DIRECTED** to close this case; and,

5. A separate final judgment **SHALL** be issued.

**DONE** on this the 22nd day of April 2026.

---

[3] To the extent that Hubbard asks the Court to grant him leave to file an amended complaint, doing so would be futile. *See* Fed. R. Civ. P. 15(a); *see also Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). Given the nature of Hubbard's claims, and the facts contained in his Complaint, the Court is sufficiently convinced that allowing Hubbard to replead would be in vain. *See Daniel v. Hancock County School Dist.*, 626 F. App'x 825, 835 (11th Cir. 2015) ("[I]n view of the nature of the deficiencies . . . better drafting [could not] have cured enough of the problems . . . to state[] a claim on these facts.").

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE